

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00189-CR

---

WILLIAM CHARLES GAFFNEY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court
Lamar County, Texas
Trial Court No. 67131

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

A Lamar County jury found William Charles Gaffney, Jr., guilty of possessing two ounces or less of marihuana,[1] assessed him a punishment of thirty days' confinement in the county jail, and recommended that he receive community supervision. The trial court sentenced Gaffney in accordance with the verdict, suspended the sentence, and placed him on community supervision for one year. On appeal, Gaffney challenges the legal sufficiency of the evidence supporting his conviction. Because we find that legally sufficient evidence supports Gaffney's conviction, we affirm the trial court's judgment.

## I.    Background

On February 2, 2019, Paris Police Officer B.A. Middleton stopped Gaffney's vehicle on NW 3rd Street in Paris because his license plates were expired. When he asked Gaffney for his driver's license and proof of insurance, Middleton smelled marihuana[2] emanating from either the vehicle or Gaffney's person and asked Gaffney to step out of the vehicle. Middleton then performed a consent search of Gaffney and his vehicle, but did not find any contraband.

Another Paris police officer, Dustin Calhoun, provided back up for Middleton and talked with Gaffney as Middleton searched the vehicle. Calhoun testified that he noticed Gaffney was not opening his mouth all the way as he talked and that he could smell a strong odor of marihuana[3] coming from Gaffney. Calhoun asked Gaffney to open his mouth, and when he did, Calhoun saw

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1).

[2]Middleton testified that he had become familiar with the smell of marihuana during his police training and his three years of experience as a certified police officer.

[3]Calhoun testified that he had become familiar with the odor of marihuana and identifying marihuana through his police training and his four years working as a police officer.

2

marihuana in his mouth, teeth, and saliva. When asked if he ate it, Gaffney answered that he had and that it was a little bit. He explained that he had done so because he knew he was being pulled over. Calhoun also testified that a little bit was a usable quantity and was less than two ounces.

Recordings from Middleton's and Calhoun's body cameras were also introduced and played for the jury. The recordings captured Calhoun asking Gaffney, "[I] smell a little bit of weed, is that what it is?" Gaffney responded, "Uh, yes, sir." Calhoun then took photographs of the inside of Gaffney's mouth and asked him how much he had eaten. Gaffney responded, "Just a bud," and stated that he ate it. Gaffney also explained that he ate it because he did not want to get caught with it and was trying to get rid of it. The State also introduced one of the photographs of Gaffney's mouth that showed a green substance stuck to his teeth, the roof of his mouth, and under his tongue.

## II.    Standard of Review

On appeal, Gaffney challenges the legal sufficiency of the evidence that the substance he possessed was marihuana. When evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In drawing reasonable inferences, the jury "may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life." *Duren v. State*, 87 S.W.3d 719, 724 (Tex. App.—Texarkana 2002, pet. struck) (citing *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring)). Further, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may "believe all of a witnesses' testimony, portions of it, or none of it." *Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014). We give "almost complete deference to a jury's decision when that decision is based on an evaluation of credibility." *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

In our review, we consider "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hooper*, 214 S.W.3d at 13 (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13 (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by

4

the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* Under the statute and the indictment, the State was required to show beyond a reasonable doubt that Gaffney (1) intentionally and knowingly (2) possessed (3) marihuana (4) in a usable quantity of less than two ounces. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1).

### III. Analysis

Gaffney only challenges the sufficiency of the evidence showing that the substance he possessed was marihuana. Gaffney contends that the evidence only shows that the officers presumed that the substance in Gaffney's mouth was marihuana based on the smell coming from the vehicle or Gaffney, but that Gaffney never unequivocally admitted that he had possessed or eaten marihuana. Since neither the substance nor Gaffney's blood were tested, Gaffney contends that the State did not prove beyond a reasonable doubt that the substance was marihuana. We disagree.

Police officers, based on their training and experience, may identify a substance as marihuana. *Boothe v. State*, 474 S.W.2d 219, 220–21 (Tex. Crim. App. 1971), *overruled on other grounds by Leday v. State*, 983 S.W.2d 713, 721 (Tex. Crim. App. 1998). Such testimony is sufficient to support a jury's determination that the substance was marihuana. *Boothe*, 474 S.W.2d at 221. The Texas Court of Criminal Appeals has explained that "marihuana is a substance that

5

both officers and the common lay witness can identify through simple use of his senses."[4] *Ex parte Owens*, 515 S.W.3d 891, 899 (Tex. Crim. App. 2017); *see Osbourn v. State*, 92 S.W.3d 531, 537–39 (Tex. Crim. App. 2002) ("Although it cannot be presumed that everyone is capable of identifying marihuana by smell, a witness who is familiar with the odor of marihuana smoke through past experiences can testify as a lay witness that he or she was able to recognize the odor.").

In this case, both officers testified that they were familiar with the smell of marihuana and that they could identify it because of their training and experience. Both testified that the smell of marihuana emanated from Gaffney. Calhoun also identified the substance in Gaffney's mouth as marihuana. In addition, both the testimony of Calhoun and the recordings from the officers' body cameras established that Gaffney admitted that he had possessed a "bud" of "weed," or marihuana, and that he had eaten it in an attempt to evade its detection by the officers. Based on the officers' testimony and Gaffney's statements, any rational jury could have reasonably inferred that the substance in Gaffney's mouth was the remains of the marihuana that he had possessed and eaten.

We find that this evidence was legally sufficient to support the jury's determination that the substance possessed by Gaffney was marihuana. We overrule Gaffney's sole issue.

---

[4]We note that the Legislature has recently excluded "hemp, as that term is defined by Section 121.001, Agriculture Code" from the definition of marihuana. TEX. HEALTH & SAFETY CODE ANN. § 481.002(26)(F) (Supp.). Because of the similarities in the definitions of marihuana and hemp, the continued viability of the holding that officers and lay witnesses may identify marihuana through their senses alone may be in question. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26) (Supp.) (defining marihuana as "the plant Cannibas sativa L.") *with* TEX. AGRI. CODE ANN. § 121.001 (Supp.) (defining hemp as "the plant Cannibas sativa L . . . with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis."). We need not address this question, however, because at the time of this offense, the Texas Health and Safety Code did not exclude "hemp" from the definition of marihuana. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 251, 2001 Tex. Gen. Laws 466–67 (amended 2019) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.002(26)); TEX. GOV'T. CODE ANN. § 311.031(a)(3).

## IV. Disposition

For the reasons stated, we affirm the trial court's judgment.


             Ralph K. Burgess
             Justice

Date Submitted:  January 28, 2020
Date Decided:   January 29, 2020

Do Not Publish